IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOLIN ANDREWS,

     Plaintiff,                    2:01-cv-1621-GEB-GGH-P

    vs.

TONI HAFEY, et al.,

     Defendants.         <u>ORDER</u>

_____/

        Plaintiff, a former state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On June 13, 2006, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Plaintiff has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

1

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 13, 2006, are adopted in full;

2. Defendants' December 13, 2005 motion to dismiss is granted and:

   a) Plaintiff's claims against defendants Lopez, Rodriguez, Hafey, Alameida (Terhune or Tilton), Blakely, Stephens, Judson, Smith, Hepburn, Elmer, arising from plaintiff's challenge to the constitutionality of the parole statutes or policy arising therefrom are dismissed without leave to amend;

   b) Plaintiff's money damages claims and claims for injunctive or declaratory relief arising from any conditions of parole and any parole hold or parole revocation hearing in 1988, 1990, 1992, and 1996 are dismissed without leave to amend as barred by the statute of limitations; and

   c) Plaintiff's declaratory relief and injunctive relief claims against defendants Lopez and Rodriguez arising from parole conditions placed on plaintiff as well as any parole hold and parole revocation hearings that arose in 1998 are dismissed as time-barred, and his injunctive relief claims arising from a cause of action that accrued in 1998 also are dismissed as moot.

Dated: August 17, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge